UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. ROSENBERGER, JR., *Pro Se*, | Case No.: 1:21 CV 2121 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| JOHN MA, *et al.*, | MEMORANDUM OF OPINION |
| | AND ORDER |
| Defendants | |

*Pro Se* Plaintiff Timothy J. Rosenberger, Jr. filed this action against his former neighbors John Ma, Zhi Ma, Winnie Ma, and Ma's Marketing and Consulting, Inc.  In the Complaint, Plaintiff alleges that the Mas, now California residents, drew water from Plaintiff's water meter without permission from April 16, 2017 to June 3, 2021, leaving Plaintiff to pay for their water usage as well as his own.  He asserts a claim for theft, in violation of Ohio Revised Code § 2913.01(E).  He seeks unspecified monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).  That Application is granted.

## Background

Plaintiff alleges he purchased his property at 1791 Randall Road, Cleveland, Ohio 44113 in February 2017.  He indicates that in April 2017, the Defendants purchased a home adjacent to his home on 4111 John Court, Cleveland, Ohio 44113.  He states that the property at 4111 John Court

did not have its own water meter and instead drew water from Plaintiff's metered connection. Plaintiff was unaware of this situation while the Mas occupied the John Court home.  He contends the Defendants knew or should have known they were not paying for water.  He states that in early 2020, his already high water bills increased dramatically.  He hired a plumber to repair leaks and limited his own water use to reduce his bill but did not notice a significant difference.

Plaintiff became aware of the unauthorized use of his meter in June 2021,when the Defendants sold the property to a church.  The church noticed they did not have a meter and contacted the City of Cleveland.  When the connection to Plaintiff's meter was discovered, the church brokered an agreement with Plaintiff to continue the use of his water for a fee.  They also discovered a significant, longstanding leak which likely caused the large increase in his water bill when the Mas occupied the property.  Plaintiff indicates he has made numerous attempts to contact the Mas.  He contends they have not returned his telephone calls.  He asserts a claim of theft of public services under Ohio Revised Code § 2913.01(E).

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise

2

to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468,

474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given the federal courts authority to hear a case only when it raises a federal question or diversity of citizenship exists between the parties and the amount in controversy is in excess of of $75,000 plus interests and costs. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff asserts that federal question jurisdiction over his claim exists in this case. Federal question exist where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). In determining whether federal question jurisdiction exists, the court ignores potential defenses that a defendant might raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Although the well-pleaded complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are completely preempted by federal law; or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

4

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He asserts that the Defendants violated Ohio Revised Code § 2913.01 (E) which is actually the definition portion of the statute. It applies to Ohio Revised Code § 2913.04 which makes it a criminal offense to "knowingly use or operate the property of another without the consent of the owner or person authorized to give consent." As an initial matter, this is a criminal statute. There is no suggestion that it offers a private cause of action in a civil case. Moreover, even if it presented a cause of action, it would arise under state law, not federal law. It would not provide a basis for federal question jurisdiction.

Plaintiff also asserts that supplemental jurisdiction exists in this case. However, supplemental jurisdiction is not an independent basis of jurisdiction. 28 U.S.C. §1367(a). It only exists over state law claims which are closely related to other claims over which the court has an independent basis of jurisdiction. Here, Plaintiff only asserts one claim, a "Civil Action for Theft–Ohio Revised Code 2307.61". Therefore, this claim cannot be viewed as related to any claim over which the court has an independent basis of jurisdiction.

Plaintiff does not assert that the court has diversity jurisdiction in this case. Further, the court finds that the facts alleged in the Complaint are not sufficient to confer diversity jurisdiction over this case either. To have diversity jurisdiction over a state law claim, the citizenship of all of the plaintiffs in the action must be different from those of all defendants. 28 U.S.C. §1332(a)(1).

5

The citizenship of a natural person is that person's domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir 1990). A corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business. Although Plaintiff alleges that he is a citizen of Ohio and that Defendants reside in California and that Ma's Marketing and Consulting is a California-based corporation, he does not address whether it is incorporated in California, or indeed whether its principal place of business is in California.

Furthermore, to have diversity jurisdiction, a plaintiff's claim must meet the amount-in-controversy requirement of being in excess of $75,000, plus interest and costs. 28 U.S.C. §1332(a). Plaintiff's Complaint, as pled, does not the meet the  amount-in-controversy requirement  for diversity jurisdiction. He does not state the amount-in-controversy and one cannot infer from the facts in his Complaint that he suffered more than $75,000 in damages over the three years that he claims Defendants engaged in theft of water for which he was held responsible.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is hereby dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 8, 2022

6